## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**TERRANCE J. KELM (#549511)**              **CIVIL ACTION NO.**

**VERSUS**                                  **19-728-BAJ-EWD**

**22ND JUDICIAL DISTRICT COURT OF**
**ST. TAMMANY PARISH, ET AL.**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 28, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TERRANCE J. KELM (#549511)**　　　　　　　　　　**CIVIL ACTION NO.**

**VERSUS**　　　　　　　　　　　　　　　　　　　　**19-728-BAJ-EWD**

**22ND JUDICIAL DISTRICT COURT OF**
**ST. TAMMANY PARISH, ET AL.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Complaint, as amended, of Terrance J. Kelm ("Plaintiff"), an inmate currently confined at the Rayburn Correctional Center ("RCC") in Angie, Louisiana, who is representing himself.[1] Based on the screening process for such complaints, it is recommended that Plaintiff's federal claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2) and 1915A, that supplemental jurisdiction over any state law claims be declined, and that this case be closed.

**I.　Background**

Plaintiff filed suit under 42 U.S.C. § 1983 against the 22nd Judicial District Court of St. Tammany Parish, State of L.A.; the Honorable Judge Richard A. Swartz, Jr.; D.A. Walter Reed; and Public Defender Melissa Brinks (collectively "Defendants").[2] Plaintiff alleges that Defendants violated his constitutional rights by virtue of the fact that he pled guilty without knowing what physical evidence the State had against him.[3] Plaintiff requests to be "released from incarceration and compensated for everyday that was served" if the State cannot produce the "Doctor's

---

[1] R. Docs. 1 and 5. At the time of the initial filing, Plaintiff was housed at Elayn Hunt Correctional Center. R. Doc. 1, p. 3. Plaintiff filed a notice of change of address to RCC on February 7, 2020. R. Doc. 12.
[2] Although not named in the caption, Plaintiff also lists Clerk of Court Erik Barthels and Amy Novotay as defendants in the original Complaint. *See* R. Doc. 1, p. 4. These individuals are not listed in the Amended Complaint but both pleadings allege that the "Clerk of Court didn't file these documents because, the D.A. didn't give these documents to the Clerk to file." *See* R. Doc. 1, p. 4 and Doc. 5, p. 5.
[3] R. Doc. 5, p. 5.

Examination Report" and the "Police Reports"[4] that Plaintiff claims were withheld by D.A. Walter Reed.

## II. Law & Analysis

### A. Standard of Review

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the Court is satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[5] The statutes impose similar standards for dismissal and are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact. Dismissal may be made before service of process or before any defendant has answered if the court determines that the claim or action does not pass the screening process.

To determine whether a complaint fails to state a claim under §§ 1915(e) and 1915A, courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[6] Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[7] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[8]

---

[4] R. Doc. 5, p. 6.
[5] §1915(e) provides a procedural mechanism for dismissal of lawsuits that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"); §1915A provides a procedural mechanism for dismissal of lawsuits by prisoners against a governmental entity or employee of a governmental entity that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff. Plaintiff was granted permission to proceed *in forma pauperis* on December 10, 2019 (R. Doc. 7) so both statutes apply.
[6] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).
[7] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9] While the screening process does give the court the rare power to 'pierce the veil' of the factual allegations,[10] pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.[11] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[12] A claim is also subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[13]

### B. Plaintiff's Federal Claims are Barred by *Heck v. Humphrey*

In *Heck v. Humphrey*,[14] the Supreme Court held that a claim that effectively attacks the constitutionality of conviction or imprisonment cannot be brought under § 1983 unless and until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*."[15]

In Plaintiff's Complaint, as amended, he requests to know what evidence the State of Louisiana had "to convict [him]."[16] Plaintiff makes allegations against his public defender that sound in ineffective assistance of counsel and appears to now question whether there was sufficient evidence to support his decision to plead guilty.[17] These claims attack the constitutionality of his

---

[9] *Id.*
[10] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).
[11] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[12] *Denton*, 504 U.S. at 33, citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[13] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[14] 512 U.S. 477 (1994).
[15] *Id.* at 486-87. *See also*, *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995).
[16] R. Doc. 5, p. 5.
[17] R. Doc. 5, p. 5. Plaintiff specifically alleges that a "Doctor's Examination Report" and "Police Reports" were withheld from him, have not been produced in state court despite his requests, and appears to believe that without these documents, he should not have been convicted. R. Doc. 1, p. 4 and R. Doc. 5, p. 5.

3

imprisonment but Plaintiff does not allege that his conviction or sentence has been reversed, expunged, declared invalid, or called into question in any way. As such, any federal claims challenging the constitutionality of his conviction, sentence, and continued imprisonment under 42 U.S.C. § 1983 are barred by *Heck v. Humphrey*. As Plaintiff fails to state a claim upon which relief may be granted, his federal claims are subject to dismissal under 28 U.S.C. § 1915(e) and § 1915A.[18]

### C. The Exercise of Supplemental Jurisdiction Should Be Declined

To the extent that Plaintiff seeks to have the Court exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[19] Having recommended that Plaintiff's federal claims be dismissed for failure to state a claim, it is further recommended that the exercise of supplemental jurisdiction over any potential state law claims be declined.

---

[18] Additionally, Plaintiff's request for release from confinement cannot be brought as a suit under 42 U.S.C. § 1983 but is obtainable only through an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (a challenge by a prisoner to the fact or duration of his confinement and seeking immediate or earlier release from that confinement must be pursued through a habeas corpus proceeding rather than through an ordinary civil rights action); *see also*, *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005), quoting *Preiser*, 411 U.S. at 498 ("prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'"). This Report and Recommendation does not pass on the question of whether Plaintiff could successfully challenge the issues raised in this suit through an application for writ of habeas corpus, but merely notes it would be the more proper procedural mechanism to do so.
[19] 28 U.S.C. § 1367.

4

### D.  Plaintiff Should Not Be Given Leave to Further Amend

"Ordinarily, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed."[20]  "Granting leave to amend, however, is not required if the plaintiff has already pleaded her best case."[21]  Further, leave to amend is not required when an amendment would be futile, *i.e.*, "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion.'"[22]

Plaintiff has already amended his Complaint once.  Despite this amendment,[23] his claims still fail.[24]  Courts are not required to give unending leave to amend for a *pro se* plaintiff to attempt to state a claim.[25] Additionally, Plaintiff's Complaint, as amended, is easy to comprehend.  The allegations are clear that Plaintiff is questioning the evidence to support his guilty plea and is claiming that, although he sought to obtain this information in Louisiana state court, it was not provided.  No matter how Plaintiff might seek to further amend his Complaint, any amendment consistent with these facts would result in claims that are barred by the application of *Heck v. Humphrey*. For that reason, denial is recommended, should Plaintiff seek leave to amend.

---

[20] *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed. Appx. 625, 627 (5th Cir. 2017) (internal quotation marks omitted).
[21] *Id.*
[22] *See Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) citing *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) quoting *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005).
[23] R. Doc 5.
[24] *See Landry v. Louisiana Correctional Institute for Women*, No. 17-227, 2019 WL 4270988, at *16 (M.D. La. Sept. 26, 2019), citing *Marucci Sports*, 751 F.3d at 378 ("repeated failures to cure deficiencies by amendments previously allowed is a factor to consider when granting or denying leave to amend.").
[25] *See, e.g.*, *McDowell v. Our Lady of the Lake*, No. 19-569, 2019 WL 4916165, at n. 32 (M.D. La. Sept. 19, 2019); *Jackson v. United States Postal Service*, No. 19-568, 2019 WL 5587227, at n. 34 (M.D. La. Sept. 19, 2019); *Joseph v. People Ready*, No. 17-124, 2018 WL 5818346, *2 (M.D. La. Nov. 7, 2018).

## RECOMMENDATION

**IT IS RECOMMENDED** that all federal claims be **DISMISSED, WITH PREJUDICE**, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[26]

**IT IS FURTHER RECOMMENDED** that the Court decline the exercise of supplemental jurisdiction over any potential state law claims.

**IT IS FURTHER RECOMMENDED** that leave to amend be denied, if sought.

Signed in Baton Rouge, Louisiana, on June 28, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[26] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."